[Civil No. 4667. Filed November 27, 1944.]

[153 Pac. (2d) 532.]

S. W. SEANEY, as Assignee for the Benefit of Creditors IN THE MATTER OF ASSIGNMENT OF HERLINDA B. MOLLING and CARL E. MOLLING, Her Husband, dba MOLLING APPLIANCE COMPANY, Appellant, v. HERLINDA B. MOLLING and CARL E. MOLLING, Her Husband, Appellees.

Messrs. Krucker, Fowler & Dodd, for Appellant.

Mr. Clarence E. Houston and Mr. Robert A. May, for Appellees.

ROSS, J.—This is an action to quiet title to Lot 18, in Block D, in the Vista Del Monte Tract, Pima County, Arizona, by Carl E. Molling and Herlinda B. Molling, husband and wife, residents of Tucson, against S. W. Seaney as their assignee for the benefit of their creditors.

The first amended complaint, upon which the case was tried, was filed May 8, 1943, and seeks to have said property declared plaintiffs' homestead. The assignment for the benefit of their creditors was made, as it recites, by plaintiffs to defendants Seaney on March 21, 1938, and is an assignment of all of the plaintiffs' real and personal property "not exempt from execution." At that time, while plaintiffs were residing upon the above described property as their home, they had not filed a homestead declaration thereon. Assignee Seaney proceeded, after his appointment, to collect and distribute the assets of the assigned estate, and concluded his duties in that re-

gard on December 11, 1939, and was by order of the court duly discharged and his bondsmen exonerated. Later defendant Seaney petitioned the court to re-open the matter and to vacate and set aside his final discharge therein for the purpose of distributing the claimed homestead property. This petition to re-open was granted.

Defendant Seaney insists that the assignment made to him March 21, 1938, vested him, as assignee, with the title to said property as of the date of the assignment, and there being at that time no declaration of homestead thereon, he became the owner of said property with the right and power to dispose of it in the discharge of the debts of the assignors.

These conflicting claims were by the court resolved in favor of the plaintiffs, and the question raised on this appeal is, does the law support the judgment of the trial court?

Section 30–101, Arizona Code Annotated 1939, provides. for assignment by insolvent debtors for the benefit of their creditors, and it and subsequent sections impose upon the assignee the duty of converting the assets of the insolvent debtor, "other than that which is by law exempt from execution" into money and its distribution among the creditors.

The plaintiffs, acting in pursuance of said section, on March 21, 1938, assigned all their property to defendant Seaney as assignee, except such property as was "exempt from execution."

This homestead property was not expressly included in the deed of assignment, that instrument on its face conveying only the property of the assignors not exempt from execution. Apparently at that time the assignee and the assignors were of the opinion that such property was exempt from execution. It is now the contention of the assignee Seaney that the

deed of assignment notwithstanding conveyed to him all of the property of the assignors. It is admitted that accompanying the deed of assignment was a list of all the property of the assignors, except this homestead property, and it also appears that the assignee proceeded to administer the assets of the assignors, not including the homestead, and that he afterwards submitted a report of his actions, and asked that he be discharged, which was granted. In other words, all of the parties from the very beginning on down until just before this action was filed acted upon the belief that the homestead property was exempt.

The question now is, did the deed of assignment, notwithstanding the actions of the assignee and the assignors, convey title to the homestead to the assignee?

It is very well settled that a deed of assignment for the benefit of creditors conveys all the title of the assignors to the property assigned. 4 Am. Jur. 384, sections 97, 98. However, the title to the property here in question was not conveyed to the assignee for the benefit of the creditors, unless by force of the law itself, contrary to the intention of the parties.

Section 30–101, *supra,* excludes from the deed of assignment "property . . . exempt from execution." The deed of assignment followed this provision of the law. Thus the law permits this reservation, and the assignors in pursuance thereof actually reserved in the deed of assignment their homestead exemption by excepting it from the deed of assignment.

In *Bangs* v. *Fadden,* 5 N. D. 92, 64 N. W. 78, the first headnote is as follows:

"The reservation, in general terms, of exempt property by an assignor in an assignment for the benefit of creditors, does not render the assignment void, although the assignment does not specify such exempt property."

The text found in 5 C. J. 1148, § 197, is as follows:

"In most states an insolvent debtor in assigning his property for the benefit of his creditors, may except or reserve property that is exempt from execution. Such a reservation is no evidence of fraud, and will not render the assignment invalid; and subject to the exceptions hereinafter shown, the reservation itself is valid, and entitles the assignor to his exemptions. The right to reserve such property as is by law made exempt from execution is sometimes expressly conferred on the assignor by the statutes regulating assignments for the benefit of creditors. . . . " See also 6 C. J. S., Assignments for Benefit of Creditors, § 42.

While the deed of assignment did not set out the description of the homestead property, it did disclose the intention of the assignors to claim the homestead as exempt, and from the record here it appears that the assignee Seaney, representing the creditors, well knew of such claim, as well as a description and location of the property, and acquiesced in such claim.

The statute allows the head of the family to claim a homestead "not exceeding four thousand dollars ($4,000) in value." Sec. 24–501, Arizona Code Annotated 1939. The evidence is that the property here claimed as a homestead, exclusive of Home Owners Loan Corporation mortgage against it, did not exceed $2500.

The plaintiffs made out and filed with the county recorder on January 23, 1943 a declaration of homestead.

Section 24–503, Arizona Code Annotated 1939, provides that: "The homestead shall, from the date of recording the claim, be exempt from attachment, execution and forced sale, and from sale under any judgment or lien existing prior to the recording of such claim, . . . " with certain immaterial exceptions, and then follows this sentence: "No such sale

made after the recording of the claim of homestead shall be valid or convey any interest in such homestead, whether made under a judgment existing before or after the recording of such claim." Thus it is seen that no valid sale of the property "after the recording of such claim" could be made. *Schreiber* v. *Hill,* 54 Ariz. 345, 95 Pac. (2d) 566; *First National Bank* v. *Reeves,* 27 Ariz. 508, 234 Pac. 556; *Mounce* v. *Wightman,* 29 Ariz. 567, 243 Pac. 415, 44 A. L. R. 754.

Appellant Seaney makes some contention that the Mollings at the time of the declaration of homestead were not residents of the state, and therefore not entitled to exemption under Section 24–501, *supra.* The evidence on that point was considered by the trial judge, and from it it was determined that they were residents of the state, and we think this conclusion is well supported by the evidence.

The judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.