510 P.2d 413

**Emma GALAZ, Appellant,**

v.

**Harold H. MOORE, Superintendent, Department of Liquor Licenses and Control and State Liquor Board, Appellees.**

**No. I CA–CIV 2150.**

Court of Appeals of Arizona,
Division 1.

June 5, 1973.

Estrada & Estrada, P. A., by R. George Estrada, Phoenix, for appellant.

Gary K. Nelson Atty. Gen., by Stirley Newell Cantor, Asst. Atty. Gen., Phoenix, for appellees.

KRUCKER, Judge.

Appellant applied to the State Department of Liquor Licenses and Control for a transfer of her No. 8 license. Her business premises were destroyed by fire and transfer of the license to 901 West Washington, Phoenix, Arizona, was requested.

A hearing was held March 9, 1972, before the State Liquor Board, and the transfer was denied by the Department of Liquor Licenses and Control. An appeal to the superior court, pursuant to A.R.S. § 4–211, as amended, was taken and the court upheld the denial by the Liquor Department. This appeal followed.

Appellant raises three questions for our consideration:

1. Did the Board apply the incorrect reason and law for rejecting the transfer and can the reason given be changed by a letter from the Superintendent?

2. Was the Board's decision supported by competent evidence?

3. Does the fact that the Board previously granted a liquor license to another person at the same location require it to grant a location transfer to this appellant?

Additional facts are that in July of 1971 a No. 8 license for the same location was issued to one Stuart H. Solomon but was never used and was returned to the Department. Appellant herein wanted to operate a dance hall with 94 tables and 430 chairs. There were 16 other licenses within a half mile of the proposed location. No use permit required by the zoning laws had been obtained nor had appellant requested or obtained a dance hall license from the City of Phoenix. Appellant and her husband had been selling beer at the Washington street address without a license and there had been numerous neighborhood complaints to the Phoenix police.

I.

DID THE BOARD APPLY THE INCORRECT REASON AND LAW FOR REJECTING THE TRANSFER AND CAN THE REASON BE CHANGED BY A LETTER FROM THE SUPERINTENDENT?

In a location-to-location transfer an applicant must meet the requirements of an original application. A.R.S. § 4–203, subsec. C, as amended. The requirements for an original application are as follows:

"The board shall issue a spirituous liquor license only after satisfactory showing of the capability, qualifications and reliability of the applicant, and, with the exception of club licensees, that the public convenience required and that the best interest of the community will be substantially served by the issuance." A.R.S. § 4–203, Subsec. A, as amended.

Both appellant and appellees point out in their briefs that the test which must be met for a location transfer is that which is noted in Lugo v. Moore, 11 Ariz.App. 85, 462 P.2d 102 (1969), that "the public convenience required and that the best interest of the community will be substantially served" by having a liquor license at that particular location. Appellant claims that the State Liquor Board erroneously applied the test for a person-to-person transfer, also noted in Lugo v. Moore, supra, that the transferee make a satisfactory showing of his "capability, qualifications and reliability."

It is not error for the State Board to apply both the location and person tests when both those matters are in issue during a transfer hearing. In Lugo v. Moore, supra, the court noted that the applicant's personal qualifications were not in issue. Hence, the applicant was only required to sustain his burden of proof as to the suitability of the location for a liquor license. In the instant case, the appellant's personal qualifications were placed in issue and she failed to sustain her burden of proof relating to those matters.

It is only reasonable that the State may question the personal qualifications of an applicant for a location transfer. Were the State not allowed to raise the issue of an applicant's "capability, qualifications and reliability" at a transfer hearing, an anomalous situation could arise where, having granted the location transfer the State then immediately initiates proceedings to revoke the license under A.R.S. § 4–210, as amended. This would unnecessarily increase the cost of administration. Evidence was introduced in the instant

case that applicant had been serving liquor without a license and had served liquor to minors. In any revocation hearing these facts would be sufficient to warrant revocation.

## II.

### WAS THE BOARD'S DECISION SUPPORTED BY COMPETENT EVIDENCE?

 Appellant contends as her second ground for appeal that the State Board's decision was based on incompetent evidence because (1) it was used erroneously to support the application of the person-to-person test and (2) it was hearsay. The first objection was disposed of above.

With regard to the second objection, A. R.S. § 41–1010, subsec. 1, as amended, relating to conduct at administrative hearings, controls:

> "A hearing may be conducted in an informal manner and without adherence to the rules of evidence required in judicial proceedings. Neither the manner of conducting the hearing nor the failure to adhere to the rules of evidence required in judicial proceedings shall be grounds for reversing any administrative decision or order providing the evidence supporting such decision or order is substantial, reliable and probative. Irrelevant, immaterial or unduly repetitious evidence shall be excluded. . . ."

*See also,* Montana Power Co. v. Federal Power Commission, 87 U.S.App.D.C. 316, 185 F.2d 491 (1950).

## III.

### PRIOR GRANT OF LIQUOR LICENSE TO ANOTHER PERSON FOR THE SAME LOCATION.

 As the third ground for her appeal appellant claims that because another person had recently been granted a Series 8 liquor license for the same location, but subsequently returned it to the State, the State Liquor Board acted arbitrarily and capriciously by refusing the location trans-

fer to appellant. As noted above, the appellant's personal qualifications were appropriately in issue. Hence, the fact that another person obviously met all the requirements for a liquor license is immaterial here.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.