514 P.2d 292

In the Matter of that Certain Application for Transfer of License, Person to Person, No. 1169, to H. J. FRANK, Safeway Stores, Inc., Store No. 151, and that certain Application for Transfer of License, Location to Location, No. 1168, to Lester R. Tissum, Safeway Stores, Inc., Store No. 151.

SAFEWAY STORES, INC., a Maryland corporation, Intervenor, and Arizona State Liquor Board, a body politic of the State of Arizona, Appellants,

v.

CITY OF PRESCOTT, a municipal corporation of the State of Arizona; Louis R. Kegley and Elaine M. Kegley, husband and wife; Barry F. Kegley; John D. Tone, Sr. and Merry Jane Tone, husband and wife; Ernest E. Thompson and Marion Thompson, husband and wife; Matthew A. Butitta; R. J. Viliborghi and Thelma L. Viliborghi, husband and wife; H. S. Dunbar; R & A Investment Corporation; Rudy Listal and Adeline Listal, husband and wife; John W. Oelze and Lois C. Oelze, husband and wife; Allen J. McCarty and Joetta K. McCarty, husband and wife; J. W. Branch and Laura W. Branch, husband and wife; Yavapai County Retail Liquor Dealers, Appellees.

No. 1 CA–CIV 1815.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 27, 1973.

Rehearing Denied Oct. 18, 1973.

Review Denied Nov. 6, 1973.

**540**

Snell & Wilmer, by Burr Sutter, Phoenix, for appellant Safeway Stores, Inc.

Gary K. Nelson, Atty. Gen., by Stirley Newell Cantor, Asst. Atty. Gen., Phoenix, for appellant Ariz. State Liquor Bd.

Head & Toci, P. C., by Philip E. Toci, Prescott, for appellees.

## OPINION

EUBANK, Presiding Judge.

This appeal by Safeway Stores is from a Superior Court judgment which reversed the opinion and order of the State Liquor Board approving the person-to-person and location-to-location transfer of a Series 9 liquor license from Lester R. Tissum at 126 South Montezuma, located on historic "Whiskey Row", to Safeway Stores at 402 West Goodwin, within the city of Prescott.

The reversal resulted from an appeal by the appellees as authorized by A.R.S. § 4–211. This statute requires that a Notice of Appeal be filed with the Liquor Board stating the grounds for appeal to the Superior Court. A.R.S. § 4–211, subsec. A. lists five permissible grounds and each ground was raised by appellees in their Notice of Appeal as follows:

"1. The decision was founded on or contained an error of law.

2. The decision was unsupported by any competent evidence as disclosed by the entire record.

3. The decision was materially affected by unlawful procedure.

4. The decision is based upon a violation of the Constitution of the State of Arizona and the United States.

5. The decision is arbitrary and capricious."

A.R.S. § 4–211, subsec. C. requires as a precondition to reversal of Board action, that the Superior Court judgment include findings ". . . that the objection of the person aggrieved is well taken on any of the grounds stated." The Superior Court judgment failed to include such findings and therefore fails to comply with A.R.S. § 4–211, subsec. C.

All of the parties to this appeal apparently treated the judgment of reversal as sufficient since the trial judge did make his findings known in his minute entry of June 15, 1971. The minute entry reads:

"It is Ordered, the Court after hearing testimony and examining the memoranda finds in favor of the appellants [appellees here] and against the appellees [Safeway] for *the reason that the Court finds that there is not a compliance with the statutes as to filing of the petitions with the City Council and a sufficient compliance with the Bulk Sales Act.*" (Emphasis added).

These two stated reasons would apparently relate to grounds one and three of the Notice of Appeal: an error of law (Bulk Sales Act) and an unlawful procedure (filing petitions with the city clerk). Since the court did not give as a reason for reversal grounds two, four and five of the Notice of Appeal, we must assume that the court was of the opinion that the evidence before the Liquor Board was sufficient to support the opinion and order, that the opinion and order was not violative of either the state or federal constitution, and that it was not arbitrary or capricious.

The question before us then is whether either reason given by the Superior Court for reversal is sufficient to sustain the judgment on appeal.[1] We are of the opinion that neither reason is sufficient, nor do we find any other reason which would support the trial court's action, and consequently the opinion and order of the State Liquor Board must be reinstated.

The Superior Court's first finding was that the State Liquor Board failed to comply with statutes relating to the filing of petitions or written arguments with the Prescott City Council. This finding relates to the fact that Safeway collected petition signatures from its Prescott customers and then failed to file them with the City Council for consideration by the Council at its transfer hearing held on July 27, 1970. Instead Safeway mailed them to the State Liquor Board on September 8, 1970, for inclusion in the record before the Board, thereby allegedly circumventing A.R.S. § 4–201, subsec. B., which reads:

"B. A person desiring a license within an incorporated city or town shall make the application in triplicate, and shall file one copy with the board and two with the city or town clerk. The city or town clerk shall immediately file one copy in his office and post the other for a period of twenty days in a conspicuous place on front of the premises where the business is proposed to be conducted, with a statement *requiring any*

*person* who is a bona fide resident of the age of nineteen years or more residing, owning or leasing property within a one-half mile radius from the premises proposed to be licensed, and *who is in favor of or opposed to the issuance of the license, to file written arguments in favor of or opposed thereto with the clerk within twenty days after the date of posting. No arguments shall be filed or accepted thereafter.* The provisions of this subsection shall not be construed to prevent a bona fide resident of the age of nineteen years or more residing, owning or leasing property within a one-half mile radius from the premises proposed to be licensed from testifying in favor of or in opposition to the issuance of the license, regardless of whether or not he is a user or nonuser of spirituous liquor." (Emphasis added).

A review of the Safeway petitions shows that no effort was made to comply with the requirements of A.R.S. § 4–201, subsec. B. as it relates to age, residence or geographical area. The petitioners merely executed the petitions as "customers" of the Safeway Store indicating a desire that the Series 9 transfer be approved, as their shopping convenience would be "well served" if the Safeway Store could sell all kinds of alcoholic products instead of merely beer and wine as it does under its present license. In our opinion many signatures on these petitions would not have met the legal requirements of A.R.S. § 4–201, subsec. B., supra.

This raises the question of whether the acceptance by the State Liquor Board of these Safeway petitions, not previously filed with the city, requires a reversal of the Board's opinion and order? In our opinion, it does not.

In the recent case of Patula v. Circle K Corp., 17 Ariz.App. 317, 497 P.2d 824 (1972), issued subsequent to the filing of the briefs in this appeal, Department A of this Court upheld a finding by the Superior Court that the State Liquor Board could

---

1. Appellant raised three questions on appeal which can be summarized in this one question.

not consider written arguments or petitions which were not filed with the local governmental body within the period provided by A.R.S. § 4–201, subsec. B., since A.R.S. § 4–201, subsec. B. expressly provides that "no [written] arguments shall be filed or accepted thereafter".

We disagree with the conclusion regarding A.R.S. § 4–201, subsec. B. reached in Patula. We do not believe that it was the intention of the legislature to preclude the introduction at the Board's hearings of hearsay evidence, such as surveys, and the like, designed to demonstrate what the "public convenience" might require. A.R.S. § 4–201, subsec. B., supra, merely provides a speedy administrative process whereby a *city*, acting through its governing body, can make its recommendation of approval or disapproval of a liquor license known to the Liquor Board in a very limited and short period of time. The statutory directive relied on in Patula that "[n]o arguments shall be filed or accepted thereafter" relates to the prior sentence which provides that those who are in favor of or opposed to the licence may file "written arguments in favor of or opposed thereto with the clerk within twenty days. . . ." There is no provision for a hearing at the city level; there is only the provision for filing written arguments.[2] The sentence that "[n]o argument shall be filed . . . ." merely cuts off all further "written arguments" after "twenty days" so that the city can enter its order either approving or disapproving the license as provided in A.R.S. § 4–201, subsec. C., in order to forward it to the Liquor Board before "sixty days after filing of the application" have expired. In the event the city fails to forward its order within sixty days, A.R.S. § 4–201, subsec. E. authorizes the Liquor Board to proceed as though the city had approved the application. In our opinion A.R.S. § 4–201, subsec. B. does not relate to hearings before the Liquor Board,

and therefore does not preclude the introduction of the Safeway petitions at the Liquor Board hearing.

In addition, A.R.S. § 41–1010, as amended, which is applicable to the Board's hearings, requires that administrative hearings be conducted "in an informal manner and without adherence to the rules of evidence required in judicial proceedings" and that "[n]either the manner of conducting the hearing nor the failure to adhere to the rules of evidence required in judicial proceedings shall be grounds for reversing any administrative decision or order providing the evidence supporting such decision or order is substantial, reliable, and probative." Similar language relating to non-applicability of the rules of evidence has been interpreted by our Supreme Court as authorizing the introduction of hearsay evidence under A.R.S. § 23–941 of the Workmen's Compensation Law. See Reynolds Metals Co. v. Industrial Commission, 98 Ariz. 97, 402 P.2d 414 (1965); Annot. 36 A.L.R.3rd 12, 84, Hearsay Evidence In Proceedings Before State Administrative Agencies (1971). *See also* Galaz v. Moore, 20 Ariz.App. 102, 510 P.2d 413 (1973).

Reviewing again the Safeway petitions, it is clear that they are more nearly a survey of "customers" of the Safeway store stating that *their* personal convenience would be served by the transfer of the Series 9 license to Safeway. In this respect the petitions constitute written hearsay statements, and the Board could accept or reject them within its discretion. A.R.S. § 41–1010. We hold that the acceptance of the Safeway petitions did not afford a basis for the reversal of the Liquor Board's order.

The second reason given by the Superior Court for reversing the opinion and order of the State Liquor Board was that there was not sufficient compliance with the "Bulk Sales Act". This must refer to the

2. This certainly would not preclude a hearing since all city council meetings are conducted in the fashion of a hearing. However, no special hearing, as such, is required by A.R.S. § 4–201, subsec. B.

Bulk Sales Act (A.R.S. § 44–1021) which was repealed in 1967 and replaced by the Uniform Commercial Code—Bulk Transfers (A.R.S. § 44–2801 et seq.).

The provision that the Superior Court had reference to in its finding was A.R.S. § 4–203, subsec. C., which provides in part:

" . . . A spirituous liquor license . . . may be transferred to a person qualified to be a licensee, provided such transfer is pursuant to either judicial decree, *a bona fide bulk sale of the entire business and stock in trade,* or such other bona fide transaction as may be provided for by a regulation of the board. . . . " (Emphasis added).

The appellants contend that they complied with A.R.S. § 44–2804 by filing their affidavit entitled "Compliance with Uniform Commercial Code" with the State Liquor Board. The appellees contend that appellants' affidavit did not comply with § 44–2804 since, first, the affidavit did not include a "schedule of the property transferred sufficient to identify it", and, second, there is nothing in the record to indicate that the transfer from Mr. Tissum to Safeway includes a bona fide bulk sale of the entire business and stock of trade as required by A.R.S. § 4–203, subsec. C., supra. Neither of the appellees' contentions was specified by the Superior Court as the basis for its reversal because of non-compliance with the Bulk Sales Act and we can only surmise what was in the court's mind when it set forth its reason; however, assuming that the trial court did reason as appellees contend, neither basis is sufficient for reversal.

From the State Liquor Board's standpoint, they need only be assured that "a bona fide bulk sale of the entire business and stock in trade" will take place at the time the transfer of the license takes place to comply with A.R.S. § 4–203, subsec. C. The Bulk Transfer affidavit of Mr. Tissum, as transferor, to Safeway as transferee, taken together with the testimony at the hearing, constitutes sufficient evidence that a bona fide bulk sale of the entire business and inventory was contemplated. Furthermore, the record is devoid of any evidence that the sale was *not* "a bona fide bulk sale of the entire business and stock in trade", and in fact the issue was never raised at the State Liquor Board hearing.

The evidence supports the Board's opinion and order. Therefore the judgment of the Superior Court is reversed and the opinion and order of the State Liquor Board is reinstated.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.

## SUPPLEMENTAL OPINION

EUBANK, Presiding Judge.

In our opinion filed in this matter on September 27, 1973, we referred to A.R.S. § 41–1010, as amended, as applicable to Liquor Board hearings, it being the general law. The appellants point out in their opposition to the motion for rehearing that A.R.S. § 4–210, subd. E. is the special law governing Liquor Board hearings. We agree. Consequently our opinion is modified by striking reference to A.R.S. § 41–1010, as amended, wherever it appears and substituting A.R.S. § 4–210, subd. E. in its place.

In all other respects our prior opinion remains unchanged and the motion for rehearing is denied.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.