599 P.2d 793

In the Matter of a Transfer Person to Person, and Location, Series No. 9, to Marvin Earl Ford, Agent, Arden-Mayfair, Inc., d/b/a El Rancho and Low Cost Discount Markets, 6018 South Central, Phoenix, Arizona.

ARDEN–MAYFAIR, INC., Appellant,

v.

STATE of Arizona, DEPT. OF LIQUOR LICENSES AND CONTROL, and Farmers Produce Co., d/b/a Farmers Quality Liquors, Appellees.

No. 13559–2.

Supreme Court of Arizona, In Division.

July 31, 1979.

Rehearing Denied Sept. 18, 1979.

Harrison, Myers & Singer by Mark I. Harrison and Thomas F. Harper, Phoenix, for appellant.

Charles E. Marshall, Phoenix, for appellee Farmers.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., by Francis G.

Fleming and Thomas Prose, Asst. Attys. Gen., Phoenix, for appellee State of Ariz.

HOLOHAN, Justice.

Appellant Arden-Mayfair appeals from the decision of the superior court upholding the decision of the state liquor board which denied Arden-Mayfair's application for a transfer of a liquor license. This court assumed jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 19(e).

The facts necessary for the resolution of this appeal are as follows. Over the last several years Arden-Mayfair has attempted to procure a # 9 liquor license for its store in the South Plaza Shopping Center located at 6018 South Central Avenue in Phoenix. All previous attempts have proved unsuccessful. The market has held a # 10 beer and wine license for many years.

The instant case arises out of Arden-Mayfair's application for the transfer of an existing # 9 liquor permit to its location in the South Plaza Shopping Center. A series # 9 license permits a retailer to sell spirituous liquor for consumption off the premises. On November 6, 1975, a hearing was conducted before Robert R. Bean, superintendent of the Arizona state liquor department. At this hearing the superintendent ruled in favor of Arden-Mayfair granting both a person-to-person and location-to-location transfer. The superintendent's ruling was appealed to the state liquor board by Farmers Produce Co., a protestant at the original hearing and the owner of a liquor store which possessed the only # 9 liquor license in the South Plaza Shopping Center. A hearing was held before the board, at which Farmers protested the location-to-location transfer of the license. The board reversed the superintendent's ruling and denied the application for location-to-location transfer. Arden-Mayfair then filed an appeal in the superior court pursuant to A.R.S. § 4–211. Farmers moved to intervene in the appeal and its motion was granted over Arden-Mayfair's objection. The superior court affirmed the decision of the state liquor board. Arden-Mayfair filed the instant appeal.

This appeal presents the following issues:

(1) Was the decision of the state liquor board materially affected by unlawful procedure?

(2) Was Farmers Produce Co. a proper party to the appeal in the superior court and this court?

(3) Was the decision of the state liquor board arbitrary and capricious?

Arden-Mayfair argues that the order did not contain findings of fact as required by A.R.S. § 41–1011, and was therefore materially affected by unlawful procedures. The order in question reads as follows:

*"Opinion & Order*

"This was the application of Marvin Earl Ford, agent, for spirituous liquor license herein set forth.

"The matter came on for hearing before the board on the 9th day of January 1976, at which time the evidence adduced was insufficient to justify the granting of the application.

"IT IS, THEREFORE, ORDERED that the application herein be and the same is hereby disapproved."

Farmers Produce Co. and the State of Arizona argue that A.R.S. § 4–101 *et seq.* (Alcoholic Beverages) are so comprehensive in scope as to exclude the Administrative Procedure Act (A.R.S. § 41–1001 *et seq.*) from application to hearings before the liquor board. A.R.S. § 4–101 *et seq.* does not require findings of fact and conclusions of law while A.R.S. § 41–1001 *et seq.* specifically requires such findings.* The question

---

* A.R.S. § 41–1011:

"Unless otherwise provided by law, any final decision or order adverse to a party in a contested case shall be in writing or stated in the record. Any final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Unless otherwise provided by law, parties shall be notified either personally or by mail to their last known ad-

therefore narrows to whether the Administrative Procedure Act controls.

■■■ There appear to be two rules of construction in reconciling a general statute and a specific statute both of which are applicable. (1) A general comprehensive statute and a special statute dealing with part of the same subject more specifically should generally be read together and harmonized, if possible, to effect legislative intent. *Redewill v. Superior Court*, 43 Ariz. 68, 29 P.2d 475 (1934). (2) When provisions of a general statute are inconsistent with those of a special nature on the same subject, the special statute controls. *Didlo v. Talley*, 21 Ariz.App. 446, 520 P.2d 540 (1974); *Webb v. Dixon*, 104 Ariz. 473, 455 P.2d 447 (1969).

From a review of the provisions of Title 4 dealing with the licensing, regulation, and control of alcoholic beverages, it is evident that the legislature created a specific system to carry out its objectives. The hearing procedure is a part of that system. The Court of Appeals has held that the hearing provisions of the liquor control statutes, specifically A.R.S. § 4–210E, were controlling in hearings before the liquor board rather than those provided under the Administrative Procedure Act. *In re Frank*, 20 Ariz.App. 539, 514 P.2d 292 (1973). We agree.

■■■ Under the hearing provisions in Title 4 the liquor board is not required to make special findings of fact and conclusions of law. This title controls on that issue; hence there was no error in the liquor board's procedure.

Appellant contends that Farmers Produce Co. is not a proper party to this appeal. In *Lane v. Ferguson*, 62 Ariz. 184, 156 P.2d 236 (1945), we held that protestants such as Farmers were not parties *ipso facto* to an appeal taken from the decision of an administrative body. The decision in *Lane*, however, was overruled in *Mendelsohn v. Superior Court*, 76 Ariz. 163, 261 P.2d 983 (1953) which held that protestants were "persons

aggrieved" under a statute conferring the right to appeal to those persons aggrieved by an administrative ruling. The opinion went on to state:

"Unquestionably, our liquor legislation envisages participation by the general public in the administration of the liquor laws. We believe the more reasonable interpretation of the act is that the scope of this participation is not limited to protesting to the local governing body or the superintendent, but extends to initiating appeals to the superior court from the orders of the superintendent." 76 Ariz. 170, 261 P.2d 989.

Arden-Mayfair argues that *Mendelsohn* only confers the right to appeal upon those protestants who have sustained an adverse ruling before the board and that since the decision below was favorable to Farmers, *Mendelsohn* does not apply. We disagree. We feel *Mendelsohn* is controlling in the present situation and that those citizens who have participated as protestants in the original administrative hearings are proper parties to the appeal irrespective of whether the decision below has been favorable or adverse to their interests. The persons upon whose doorsteps the liquor business will operate, and whose businesses, homes, and families will be affected thereby, are given the same rights as those who seek to engage in the liquor traffic. *Mendelsohn v. Superior Court, supra.*

■■■ Arden-Mayfair's final point is that the decision of the liquor board is arbitrary and capricious. Appellant contends that there was no competent evidence opposed to the granting of the license transfer.

The statute describing the liquor board's authority is A.R.S. § 4–203A which provides:

"A. The board shall issue a spirituous liquor license only after satisfactory showing of the capability, qualifications and reliability of the applicant, and, with the exception of club licensees, that the public convenience required and that the best interest of the community will be substantially served by the issuance."

dress of any decision or order. Upon request a copy of the decision or order shall be delivered

or mailed forthwith to each party and to his attorney of record."

Appellant notes that the standard for issuance of a license has nothing to do with limiting competition for the protection of license holders. It is appellant's contention that the liquor board's decision could only have resulted in this misconception of the legal standard for the control of liquor licenses.

The showing which must be made under A.R.S. § 4–203 is one which is *satisfactory* to the board demonstrating that the public convenience and the best interest of the community would be served by the issuance of the requested license. The record reflects that Arden-Mayfair presented competent evidence in support of its application. The record likewise reflects that protestants also presented competent evidence in opposition to Arden-Mayfair's application.

The most significant evidence presented in opposition to the application was that there were already 30 licensed liquor establishments in the area whose licenses allowed the sale of packaged liquor. Appellee Farmers Produce Co. conducted its retail package liquor store in the same shopping center within 100 feet of appellant's market. The weight to be given to the evidence was for the liquor board. The superior court and our review when considering the weight of the evidence is limited to a determination whether there was competent evidence to justify the liquor board's decision. *Arizona State Liquor Board v. Jacobs*, 20 Ariz.App. 166, 511 P.2d 179 (1973). We conclude that there was.

The judgment of the superior court is affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.