[Civil No. 2203.  Filed March 27, 1925.]

[234 Pac. 556.]

THE FIRST NATIONAL BANK OF MESA, ARIZONA, a Corporation, Appellant, v. W. M. REEVES and LULU REEVES, Appellees.

1. HOMESTEAD—EXEMPTION LAWS TO BE LIBERALLY CONSTRUED.—Exemption laws are to be liberally construed to preserve homestead to heads of families.

2. Homestead—Declaration of Homestead Held Invalid Because Verified by Attorney in Fact of Husband and Wife Instead of by Either Personally.—A declaration of a homestead *held* invalid as such and as a selection of the homestead within Civil Code of 1913, paragraph 3288, where the declaration was verified by the attorney in fact of husband and wife instead of personally by either spouse, as required by paragraphs 3289 and 3290.

3. Homestead—That Absence from State of Spouses Precluded Personal Verification of Homestead Declaration Held Not to Affect Invalidity of Declaration by Their Attorney in Fact.—That absence from state of husband and wife precluded a personal verification of a homestead declaration within Civil Code of 1913, paragraph 3288, *held* not to affect invalidity, under paragraphs 3289, 3290, of declaration executed by their attorney in fact, where there was nothing to prevent them from making and filing a proper declaration after they became the owners of the land several years prior to the filing of the invalid declaration.

4. Homestead—Once Homestead is Declared It can be Changed only in Character by Voluntary Act of Claimant and His Wife, if Married.—Once declared, the homestead stands impregnable against every assault, and can only be changed in character by the voluntary act of the claimant and his wife, if married.

5. Homestead—Person Entitled to Homestead is not Compelled to Claim It.—Person entitled to homestead is not compelled to claim it.

6. Homestead—Court cannot Declare Property as Homestead, if One Entitled to Do so Fails to Do so.—Court cannot declare property as homestead if one entitled to do so fails to do so, except as provided in the administration of the estates of deceased persons pursuant to Civil Code of 1913, paragraph 866.

7. Homestead—Person Entitled to Homestead may Exercise His Option to Claim It at Any Time Before or After Levy of Execution Thereon Up to Hour of Sale.—Under Civil Code of 1913, paragraph 3292, a person entitled to a homestead may exercise his option to claim it at any time before or after levy of execution thereon up to hour of sale.

8. Trusts—Husband, Taking Deed to Property Paid for in Part With Wife's Separate Funds, Holds in Trust for Wife's Separate Interest.—Husband, taking deed to property bought and paid for in part with wife's separate funds, holds property in trust for wife's separate interest therein.

9. Husband and Wife—Wife not Necessary Party Defendant in Suit to Collect Community Debt Contracted by Husband.—

Wife is not a necessary party defendant in suit to collect community debt contracted by husband, in view of Civil Code of 1913, paragraph 3854.

10. HUSBAND AND WIFE—JUDGMENT AGAINST HUSBAND AND WIFE IN SUIT TO COLLECT COMMUNITY DEBT INCURRED BY HUSBAND HELD PROPERLY VACATED AS TO WIFE. — A judgment against husband and wife, in a suit to collect community debt incurred by the husband, *held* properly vacated as to the wife and her separate property as being a nullity, where none of her separate property was attached and no personal service secured; whatever rights plaintiff secured by virtue of its sheriff's deed pursuant to sale of land attached being those inherent in the husband as the representative of the community.

11. HUSBAND AND WIFE—DEED FROM HUSBAND TO WIFE FOR LOVE AND AFFECTION AT LEAST CONVEYED LEGAL TITLE OF PREMISES TO WIFE.—Deed from husband to wife for love and affection at least conveyed legal title of premises to wife.

12. TRIAL—PLAINTIFF'S MOTION FOR INSTRUCTED VERDICT HELD TO REQUIRE GIVING OF FULL WEIGHT AND CONSIDERATION TO DEFENDANT'S EVIDENCE.—Plaintiff's motion for instructed verdict *held* to require giving of full weight and consideration to defendant's evidence.

13. FRAUDULENT CONVEYANCES—MOTION FOR INSTRUCTED VERDICT HELD PROPERLY DENIED IN SUIT AGAINST HUSBAND AND WIFE TO COLLECT COMMUNITY DEBT INCURRED BY HUSBAND.—In a suit against husband and wife to collect a community debt incurred by the husband, wherein plaintiff attached as the community property of defendants, land which the husband had theretofore conveyed to the wife, motion for instructed verdict *held* properly denied, where, as against plaintiff's contention that husband's deed to wife was fraudulent, evidence tended to support defense that the land was the separate property of the wife.

See (1) 29 C. J., p. 787.   (2) 29 C. J., p. 815 (1926 Anno.).   (3) 29 C. J., p. 815 (1926 Anno.).   (4) 29 C. J., p. 931.   (5) 29 C. J., p. 813.   (6) 29 C. J., pp. 813, 969.   (7) 29 C. J., p. 971.   (8) 39 Cyc., pp. 138, 139.   (9) 31 C. J., p. 152.   (10) 31 C. J., p. 158 (1926 Anno.).   (11) 31 C. J., p. 101.   (12) 38 Cyc., p. 1586.   (13) 27 C. J., p. 840.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Judgment reversed and cause remanded for a new trial.

Messrs. Silverthorn & Van Spanckeren, for Appellant.

Messrs. Dougherty & Dougherty and Mr. G. A. Rodgers, for Appellees.

ROSS, J.—This is a proceeding in the nature of an action to quiet title to 40 acres of land, situate in this county. As shown by the undisputed evidence and the pleadings, the defendant W. M. Reeves in December, 1920, and January, 1921, gave his notes to the plaintiff bank for $2,300. At the time he was living upon the land in dispute with his wife and three children, and the notes were given to cover community indebtedness.

In April, 1921, the plaintiff bank, for the purpose of collecting the notes of said W. M. Reeves, instituted a suit against him and Lulu, his wife, in the superior court of Maricopa county, and caused to be levied upon the land in question a writ of attachment. W. M. Reeves and Lulu Reeves were constructively served with summons; it appearing that they were not at the time in Arizona. Thereafter, on August 3, 1921, the defendants not appearing and their default being entered, judgment was taken against them for the sum of $2,657.83, and costs taxed at $25, and the attachment lien was foreclosed in judgment.

Thereafter an execution was issued on said judgment and the lands and premises noticed for sale, and on September 7, 1921, sold by the sheriff of Maricopa county at public auction; the plaintiff bank being the purchaser thereof.

The judgment in the suit to collect notes was entered against both W. M. and Lulu Reeves, but subsequently thereto, and after execution sale, on motion, the judgment was vacated and set aside as to Lulu.

The plaintiff bank later received from the sheriff a deed of said property.

In February, 1921, W. M. Reeves deeded said land to his wife, Lulu, for the consideration of love and affection.

In the present action the plaintiff, claiming the premises were community property and the deed from W. M. Reeves to Lulu was for the purpose of delaying, hindering and defrauding plaintiff as a creditor of the community, has set forth in the complaint the chain of title as above delineated, and asked that said deed be declared void and of no effect; that plaintiff's title to premises be quieted; and that it be forthwith put into possession.

The defendants in their answer claimed said premises as a homestead and exempt from execution sale by reason of their declaration of homestead. They also set up that the premises were the separate property of the wife, and further answered by way of a general denial.

On these issues the case was tried before the court sitting with a jury, and resulted in a verdict and judgment in favor of defendants. The bank appeals and presents a number of assignments of error; the first being based on the court's refusal to instruct a verdict in its favor at the close of the case. The grounds of said motion were:

"First. The homestead declaration filed on behalf of W. M. Reeves and Lulu Reeves is invalid.

"Second. The evidence as to the separate character of the property was insufficient to overcome the presumption of its community character.

"Third. Appellee Lulu Reeves is estopped from asserting claim to the property as her separate estate as against appellant.

"Fourth. The conveyance from W. M. Reeves to Lulu Reeves was void as to appellant."

The declaration of homestead was filed on the day of the execution sale and before it took place, and both the sheriff and plaintiff had notice thereof. The declaration was not verified by either husband or wife but by their attorney in fact. The trial court held such verification was legal, and told the jury, in effect, that, if defendants were the head of a family, residing in Arizona at the time of its making, the verdict should be in their favor.

We do not set out the declaration, but it in all ways conforms to the law, unless it be its verification, wherein the attorney states "that he makes this declaration under the direction of, and at the request of, and in behalf of, said W. M. Reeves and Lulu Reeves, his wife, and that this declaration is not made in person because of the temporary inability of the said parties to make said claim in person."

This question has never arisen in this jurisdiction and probably in no other, since our attention is called to no case involving it. In this state we are committed to the policy of liberally construing our exemption laws so as to preserve the homestead to the heads of families (*Wuicich* v. *Solomon, etc.,* 18 Ariz. 164, 157 Pac. 972; *Union Oil* v. *Norton-Morgan,* 23 Ariz. 236, 202 Pac. 1077), and it is with that idea that we have examined into this question.

The law in many instances allows verification of legal papers by agent or attorney, either by express provision or where, in the nature of things, the attorney or agent is better advised as to the facts than is the principal. There are other legal instruments that are clearly and unmistakably required to be verified by the interested party personally. The rule in that regard is stated in 1 R. C. L. 762, paragraph 4, as follows:

"Where a statute points out who may make a certain affidavit, it can be made by none other than those

27 Ariz.—33

specified, even though there is nothing in the language of the statute to show that its enumeration was intended to be exclusive. The mere designation itself excludes all others, and the general principle that what a party may do in person he may do by agent has no application here, for the making of an oath to a statement of facts cannot be delegated. Consequently such statutes as do not in terms expressly authorize an affidavit to be made by an agent or attorney have generally been held to exclude them.''

With these general observations in mind we turn to the present homestead statute. Paragraph 3288 provides that every person who is the head of a family, residing in the state, may hold a homestead of a value not to exceed $4,000, to be selected by the claimant, and that such homestead shall be exempt from attachment, execution, and forced sale. The next two paragraphs read as follows:

''3289. Any person wishing to avail himself . . . of the provisions of the foregoing section shall make out under oath his or her claim in writing, showing that he or she is the head of a family, and also particularly describing the land claimed and stating the value thereof; and shall file the same for record in the office of the county recorder in the county where the land lies.

''3290. The claim of homestead may be made by the husband, or by his wife, or by any unmarried person who is the head of a family.''

These two paragraphs appear in our Revised Statutes of 1887 as paragraphs 2072 and 2073. There was a material and rather significant change made in paragraph 2073, as brought forward, and we give it as it appears in the Revised Statutes of 1887 for comparison with paragraph 3290, *supra:*

''The claim of homestead provided for in this act may be made by the husband, or by his wife, or by any unmarried person who is the head of a family, or by anyone having charge of the premises in

behalf of the owner thereof, if such owner be entitled to claim a homestead.''

As the law now stands, no one can make the claim of homestead except the husband, or wife, or un-married person who is the head of a family. For-merly there was one exception, the power to make claim being conferred on ''anyone having charge of the premises. . . . '' As long as the exception ex-isted, no one would hardly contend that the claim of homestead could be made by any other person than the one entitled to the homestead or the person the statute named as capable of acting for him. The only change in the law is that it now recognizes no exception; and this history of the statute, aside from the very direct and unmistakable meaning, con-vinces us that the legislature intended that the per-son entitled to a homestead should personally verify his claim.

The statutory qualifications entitling one to home-stead are peculiarly within the knowledge of the per-son claiming the homestead, such as residence of family, where intention frequently controls as against actual appearances, or when there is a choice of selection as between the dwelling-house and some other piece of land. But, aside from these reasons, the statute seems to have settled the matter. It very plainly provides that the oath to the claim of home-stead should be made by the claimant, and, that being true, it controls, whether founded upon reason or not.

From the record it appears that both defendants were absent from the state at the time the premises were offered for sale under execution, and that they obtained information of the situation only one day before the sale. It is urged that it was impossible for them to make out the claim of homestead and personally verify it so that it might be placed of record and thereby prevent the sale under execution.

However, there was nothing to prevent their making and filing a proper declaration of homestead at any time after they became the owners of the land. It seems that they acquired it some time in 1917. If the rule requiring the declaration of homestead to be personally verified by the claimant sometimes works a hardship, it is not so much the fault of the law as it is the neglect of the person entitled to homestead to make out his claim within the time and in the manner provided by the statute.

Our homestead law is not self-operating, as in some other states. The homestead is not provided for by the Constitution, but is a creature of statute. Once declared it stands impregnable against every assault, and can only be changed in character by the voluntary act of the claimant and his wife, if married. A person entitled to homestead, however, does not have to claim it, and, if he does not do so, the court cannot and will not declare it a homestead, except as provided for in the administration of the estates of deceased persons. Paragraph 866, Civ. Code 1913. The person entitled to a homestead may exercise his option to claim it at any time before or after levy of execution thereon, up to the hour of sale. The statute, paragraph 3292, in that regard being:

"The homestead shall, from the date of the recording the claim of homestead, be exempt from attachment, execution and forced sale, and from sale under any judgment or lien existing prior to the recording of such claim. . . . "

See, also, *First Nat. Bank* v. *Galloway,* 132 Wash. 355, 232 Pac. 270.

We are satisfied that the paper offered as a declaration of homestead was not made out and verified in accordance with the statute. The question as to whether or not the premises were a homestead was not properly submitted to the jury.

We are now come to the question of defendant Lulu Reeves' rights in the property from the standpoint of a grantee from her husband, and also the interest that she might have therein by reason of contributions from her individual or separate funds towards its purchase. While the deed on its face recited the consideration of love and affection, it is set up in the answer that the premises in question were all the time "the separate property and estate of the defendant" Lulu Reeves. There was evidence submitted tending to sustain this allegation. The plaintiff asserts it was not sufficient to overcome the presumption of the property's community character. We cannot say the evidence shows the premises were purchased with common property or that it was not largely, at least to the extent, of her contributions, her separate property. The wife, Lulu, is claiming it as her separate property, not by virtue of the deed from her husband, but because it was bought and paid for, in part at least, with her separate funds. If that be true, the husband, to whom the deed was made, held in trust for her her separate interest therein. *Hay* v. *Martin* (Pa.), 14 Atl. 333; *Feig* v. *Meyers,* 102 Pa. 10. Whatever interest Lulu Reeves may have in the property as her separate estate was not involved or adjudicated in the suit to collect the debt contracted by her husband, nor do we think the fact that she was made a party defendant in that suit affects the situation one way or the other. The debt was a community one. Under our statute (paragraph 3854, Civ. Code), community debts contracted by the husband are an obligation against the community and enforceable against the community assets. The wife was not a necessary party defendant in the suit to collect the debt contracted by her husband, and, no separate property of hers having been attached, and no per-

sonal service secured, the judgment was indeed a nullity as to her and her separate property, and was very properly vacated. In that suit she was not in court nor was her separate property, if any, brought within the court's jurisdiction. Whatever rights the plaintiff bank secured by virtue of its sheriff's deed were those inherent in the husband as the representative of the community. Any rights of the wife therein in her own right, or acquired by reason of the deed from her husband, were unaffected by the suit or any proceedings thereunder, including the execution sale and the sheriff's deed.

In the case of *Schofield* v. *Gold,* 26 Ariz. 296, 225 Pac. 71, it was held that the wife might convey community property to the husband directly and without the intervention of a trustee or agent, and that the husband might also convey to the wife community property, with the same freedom as they might transact business with third parties concerning their separate property. So, under the laws of Arizona, the deed from the husband to Lulu Reeves at least conveyed the legal title of the premises to the wife. Whether she got anything more depends upon the circumstances.

Plaintiff alleges the deed was made to delay, hinder and defraud creditors. This is denied in the answer. The dispute involves questions of fact, as does also the claim of separate property in the wife. There is evidence tending to support the defendants' contention on these issues, and upon a motion for an instructed verdict it must be given full weight and consideration. The motion was properly denied.

There are several other assignments based upon instructions given and refused. They raise, however, the same questions that we have passed upon, and it is not necessary that we give them any further consideration.

Because of the court's error in holding the declaration of homestead, made out and verified by the attorney in fact of defendants, to be a valid declaration and selection of homestead, and in permitting the jury to consider that question, we find it necessary to reverse the judgment and remand the case for a new trial, and it is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.