[Civil No. 3258. Filed December 27, 1932.]

[17 Pac. (2d) 331.]

WHEELER PERRY COMPANY, a Corporation, Appellant, v. MORTGAGE BOND COMPANY OF NEW YORK, a Corporation, Appellee.

Messrs. Mathews & Bilby and Mr. T. K. Shoenhair, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld and Messrs. Silverthorne & Van Spanckeren, for Appellee.

JENCKES, Superior Judge.—The appellee, plaintiff below, brought suit against Susanna Holden and Harry Holden, husband and wife, and the appellant, Wheeler Perry Company, to foreclose a certain mortgage which it held against lot 14, block 4 of Mount Pleasant addition, Maricopa county, Arizona, executed by the Holdens, securing a principal indebtedness of $4,500. The appellant was made a party defendant as a judgment creditor of the Holdens claiming a judgment lien against the mortgaged premises. The Holdens defaulted, making no defense. The appellant filed an answer setting up its judgment and asking to have its lien declared superior to that of the plaintiff's mortgage. The plaintiff replied to that answer alleging that the Holdens had theretofore filed a declaration of homestead in the office of the county recorder of Maricopa county claiming said lot 14, together with lot 13 adjoining the same, as their homestead, and that in consequence thereof, at the time of the exe-

cution and delivery to it of said mortgage, held said lot "free and clear of the judgment lien of the defendant Wheeler Perry Company." Upon the trial of the case on January 16th, 1932, the trial court excluded from evidence the said declaration of homestead offered by the plaintiff upon the objection of appellant, on the ground that it did not "particularly describe" the premises claimed to be exempt, as required by section 1732, Revised Code of Arizona 1928. After holding the case under advisement for a time, the trial court entered judgment in favor of the appellant that its judgment lien was superior to appellee's mortgage lien. However, before the entry of the judgment the trial court permitted the appellant to file an affidavit by which it was made to appear that on March 25th, 1932, the Holdens had filed another declaration whereby they claimed as their homestead lots 12 and 13 in said block 4 of Mount Pleasant addition, excluding therefrom the said lot 14, the subject of controversy in this case. Thereafter appellee filed a motion for new trial which was granted by the trial court upon the theory that error had been committed in excluding from the evidence the said declaration of homestead offered by appellee. This appeal is prosecuted by appellant from the order of the trial court granting the motion for new trial.

Appellant assigns this order as error, contending that the trial court committed no error in excluding the exhibit in the first instance, and, further, that, notwithstanding such exhibit may have been admissible, the showing made later to the trial court that the Holdens had canceled the declaration of homestead represented by such exhibit by filing a new declaration excluding said lot 14, rendered the exhibit tendered irrelevant and immaterial to the issue presented.

It must be remembered that the defendants, the Holdens, made no appearance in the case, and that the sole issue upon the trial as between the plaintiff and the defendant Wheeler Perry Company was as to whose lien had priority. The proof conclusively showed that, if appellant had any lien against the said lot 14, it was prior in time to that of appellee. However, appellee's contention as raised by its reply to appellant's answer, that by reason of the filing of the declaration of homestead the Holdens held this lot free and clear of the judgment lien of appellant, is well taken, provided the declaration was in such form as to be available as a homestead exemption.

Paragraph 3289, Revised Statutes Arizona 1913, under which the declaration was filed, reads as follows:

"Any person wishing to avail himself or herself of the provisions of the foregoing section shall make out under oath his or her claim in writing, showing that he or she is the head of a family, and also particularly describing the land claimed and stating the value thereof, and shall file the same for record in the office of the county recorder in the county where the land lies."

The land claimed as exempt was described in the declaration as lots 13 and 14 in Mount Pleasant tract, omitting the number of the block (block 4), as being the property upon which the declarants reside. The proof showed that the Holdens resided upon lots 13 and 14 of block 4 of said tract at the time of filing the declaration and continued so to reside until the time of the trial.

Appellant argues that, inasmuch as the declaration omitted the number of the block, it failed in the requirement of the statute to "particularly describe" the land claimed, and is therefore ineffectual as a claim of homestead.

"A description of the premises is essential to a valid declaration of homestead, but the description need not be more particular than is required in the case of a deed." 29 C. J. 814, par. 69; *Ornbaum* v. *His Creditors,* 61 Cal. 455; *Schuyler* v. *Broughton,* 76 Cal. 524, 18 Pac. 436; *Jones* v. *Gunn,* 149 Cal. 687, 87 Pac. 577.

"The office of a description is not to identify the land but to afford the means of identification, and when this is done it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established or which furnishes the means of identification." 18 C. J. 180; *Leonard* v. *Osburn,* 169 Cal. 157, 146 Pac. 530; *California Real Estate Co.* v. *Walkup,* 27 Cal. App. 441, 150 Pac. 385.

"As that is certain which can be made certain, the description, if it will enable a person of ordinary prudence acting in good faith and making inquiries which the description would suggest to him to identify the land, is sufficient." 2 Devlin on Real Estate (3d Ed.) 1918, note 7; *Ford* v. *Ford,* 24 S. D. 644, 124 N. W. 1108.

It will be seen from the foregoing that the description of the land as embodied in the declaration was sufficient to afford a means of identification and therefore fulfills the requirement of a "particular description."

The affidavit filed by appellant after the trial, even if it were proper to accept it as evidence at its full face value, does not aid appellant. Appellant's judgment lien attached to said lot 14 on the date of docketing the transcript in the office of the clerk of the superior court of Maricopa county, to wit, March 15, 1926. However, in consequence of the filing of the declaration of homestead on September 30th, 1927, the homestead interest in this lot was thereafter at the time of the execution of appellee's mortgage held by the Holdens free and clear of said lien.

"From the time of its docketing as provided in any of the three last preceding sections a judgment becomes a lien for a period of five years from the date of its rendition upon all the real property of the judgment debtor, except such as is or may be exempt from execution, including homesteads, in the county where the same is docketed, whether the said property is then owned by said judgment debtor or is later acquired; Provided, that nothing herein contained shall prevent any person entitled thereto from declaring a homestead on real property as provided by law after the lien herein provided for shall have attached to said real property and from thereafter holding the same as a homestead free and clear of said lien.'' Rev. Stat. Ariz. 1913 (Civ. Code), par. 3633.

The provisions of this section of the 1913 Civil Code have been embodied substantially in the Revised Code of 1928, paragraph 2017.

It will be seen, therefore, that the filing of the new declaration of homestead by the Holdens on March 25th, 1932, excluding lot 14, had the effect of re-establishing appellant's lien upon said lot 14. Nevertheless, appellee's mortgage lien, having attached to that lot in the meantime, must be held to be prior and superior to the lien of appellant. It was not error, therefore, for the trial court to grant appellee's motion for a new trial, and the judgment and order granting said motion is affirmed.

ROSS, Acting C. J., and LOCKWOOD, J., concur.

The Honorable Chief Justice A. G. McALISTER being unable by reason of illness to be present upon this hearing, the Honorable JOSEPH S. JENCKES, Judge of the Superior Court of Maricopa County, was called in to sit in his stead.