638 P.2d 1361

**Michael W. MATCHA and Janet B. Matcha, his wife, Appellees,**

v.

**George WINN and Mary Kay Winn, his wife, Appellants.**

No. 1 CA–CIV 5125.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 1, 1981.

Rehearing Denied Dec. 29, 1981.

Review Denied Jan. 20, 1982.

David A. Treat, Phoenix, for appellants.

Robbins & Green, P.A. by Jeffrey P. Boshes, Phoenix, for appellees.

## OPINION

JACOBSON, Presiding Judge.

The sole issue on appeal is the validity of a recorded declaration of homestead which lacks an express statement of Arizona residency and designates the property value as a sum not exceeding the statutory exemption limit. Briefly stated, the undisputed facts underlying this litigation are as follows.

Appellants George R. and Mary Kay Winn (Winn), purchased certain real property in Phoenix, Arizona as their residence in November, 1960. In 1974, the Winns recorded a document entitled "Claim of Homestead Exemption" which contains a legal description of the property. Following entry and recording of a 1975 judgment against the Winns, a writ of execution issued against the property. John B. Norris, an assignee of the judgment creditor, purchased the property at a sheriff's sale conducted on May 26, 1977. Winns did not redeem the property and on January 16, 1978, Mr. Norris was issued a sheriff's deed which was recorded on January 23, 1978. Mr. Norris conveyed the property by quit claim deed to appellees, Michael W. and Janet B. Matcha (Matcha), on January 24, 1978. The Winns refused to surrender possession of the property to the Matchas and, consequently, the Matchas instituted a forcible detainer action. The Winns answered and counterclaimed to have title quieted in them based upon their 1974 homestead declaration. The Winns moved for judgment on the pleadings and the Matchas crossfiled for summary judgment. The trial court entered summary judgment in favor of the Matchas based upon its determination that the 1974 declaration was void.

■ Before considering the validity of the homestead declaration, we first address a procedural matter raised by the Matchas. They correctly point out that the Winns noticed this appeal from the trial court's denial of their motion for new trial rather than from the judgment itself. The Matchas also correctly contend that in reviewing the denial of a motion for new trial, this court may not go beyond the matters assigned as error in the motion. *Sun Lodge, Inc. v. Ramada Development Co.*, 124 Ariz. 540, 606 P.2d 30 (App.1979); *Van Dusen v. Registrar of Contractors*, 12 Ariz.App. 518, 472 P.2d 487 (1970). They further argue that Winn's motion for new trial was not based upon grounds set forth in Rule 59, Arizona Rules of Civil Procedure, and that on appeal Winns have abandoned the arguments contained in their motion for new trial.

■ The motion for new trial makes specific reference to Rule 59 and alleges that the judgment is an unconstitutional taking of property and denial of jury trial and further asserts the validity of the homestead declaration. While this motion does not reiterate Rule 59 language, its clear implication is that the trial court's ruling is contrary to law.[1] While Matcha is correct in stating that the constitutional arguments raised in the motion for new trial are not argued in the briefs on appeal, the argument with respect to the validity of the declaration of homestead was urged both in the motion for new trial and on appeal. We further note that this court may review the entire record to determine whether the trial court abused its discretion

---

1. Rule 59(a)8 allows a new trial if the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law.

in denying the motion for new trial. *See Adroit Supply Co. v. Electric Mutual Liability Ins. Co.*, 112 Ariz. 385, 542 P.2d 810 (1975); *Pima County v. Bilby*, 87 Ariz. 366, 351 P.2d 647 (1960).

Having determined that the propriety of the trial court's conclusion that the 1974 homestead declaration was void was raised as error in the motion for new trial we consider the merits of this argument.[2]

This document contains the notarized signatures of George R. and Mary K. Winn and was filed with the Maricopa County Recorder's office on August 12, 1974.

The 1974 declaration provides as follows:

GEORGE R. WINN, being first duly sworn on oath, deposes and says:

1. That he is married and the head of a family consisting of himself, his wife and four (4) minor children.

2. That he does hereby claim a homestead exemption in conformance with Section 33–1101, Arizona Revised Statutes, as amended, covering the following described real property:

Lot 66, New North Town # 2 Maricopa County, Arizona.

3. That the equity in said property does not exceed the sum of $15,000.00.

In their motion for summary judgment, Matcha alleges that the above quoted document failed to comply with the requirements for a declaration of homestead as set forth in A.R.S. § 33–1102 which provides:

§ 33–1102. **Procedure to claim homestead; persons eligible; property eligible**

A. To claim a homestead exemption as provided for in § 33–1101 a person or married couple shall make a claim, under oath and in writing, which shows Arizona residency status and particularly designates the property claimed and the value thereof. The claim shall be recorded in the office of the county recorder in the county where the property is located.

B. If the claimant is married, the homestead may be selected from the community property, joint property or from the separate property of either spouse. Both husband and wife shall join in making claim of community or joint property.

Specifically, Matcha claims that this declaration: (1) fails to state that appellants were residents of Arizona at the time the declaration was made and (2) fails to properly designate the value of the property.

Winn contends that absence of a specific reference to Arizona residency should not affect the validity of the declaration, but even if reference to Arizona residency is essential to the document's validity, the reference in the document that the claim was made "in conformance with § 33–1101" is sufficient to constitute a showing of Arizona residency. Winn further argues that by declaring that their equity in the property did not exceed $15,000.00, appellants complied with the statute's requirement to designate the value of the property claimed for exemption.

We will discuss first the claim that the declaration of homestead was invalid because it failed to state that the Winns were Arizona residents.

Our examination of the Arizona authorities reveals only a limited number of cases which have dealt with the sufficiency of the contents of a homestead declaration, and it is readily apparent that the specific question before us is one of first impression in this state. However, both parties have referred us to the laws of California where substantial litigation concerning statutory compliance has occurred.

It is clear that California and Arizona both recognize that the fundamental purpose of the homestead law is to protect the family against the forced sale of home property from certain creditors, and, to further this purpose, the homestead laws should be interpreted liberally to advance the objectives of the statutes. *Schoenfeld v. Norberg*, 11 Cal.App.3d 755, 90 Cal.Rptr. 47 (1970); *Maryland National Insurance*

---

2. Both parties agree that if Winn had properly claimed a homestead exemption, the property which is the subject of this appeal is exempt from forced sale, thus invalidating its sale on May 26, 1977, to Matcha, grantor. *See* A.R.S. § 33–1101.

*Company v. Ozzie Young Drilling Company*, 22 Ariz.App. 195, 526 P.2d 402 (1974). However, the California cases have determined that the rule of "liberal construction" can only apply when there is at least an attempted compliance in the declaration of homestead with the statutory requirements and that omission of one or more of the statutory requirements cannot constitute substantial compliance, even though the statute be liberally construed.

For example, in *Reid v. Englehart-Davidson Mercantile Company*, 126 Cal. 527, 58 P. 1063 (1899), the declarant failed to state he was the head of the family, as required by statute.[3] The Supreme Court of California held invalid the homestead declaration and said:

> The right of the claimant to select a homestead, and impress upon it an exemption from forced sale, must appear upon the face of the declaration ... We are not at liberty to disregard one of these requisites any more than another. If either is wanting, the declaration is unavailing to create the exemption.

58 P. at 1064.

Similarly, in *Olds v. Thorington*, 47 Cal. App. 355, 190 P. 496 (1920), there was no statement that the declarant actually resided on the premises claimed as the homestead. The California Appellate Court stated,

> [w]e are of the opinion that such omission is fatal [because] the failure to comply with any statutory requirement essential

to a valid declaration of homestead cannot be supplied by liberal construction. 190 P. at 498.

*See also Boreham v. Byrne*, 83 Cal. 23, 23 P. 212 (1890), where a declarant asserted he was in possession of certain premises and the court held that was not equivalent to the required statement of residence.

Also, a declaration of homestead was filed by a wife in *Schuler-Knox Co. v. Smith*, 62 Cal.App.2d 86, 144 P.2d 47 (1943), but she failed to comply with the statute that required a statement that either her husband had not previously made a declaration or she was filing for them jointly. The court held that omission was fatally defective.

Finally, in *Lynch v. Stotler*, 215 F.2d 776 (9th Cir. 1954), a declarant had omitted, among other things, to state an estimate of the actual cash value of the premises. The court noted that the California cases tended toward a liberal construction of homestead statutes, but held the declaration to be invalid because:

> [w]here the homestead requires as a condition of its existence the performing of certain acts and some of them have not been performed, we find no California case that would justify us in reading statutory requirements out of the statute.

215 F.2d at 778.

On the other hand, where a statutory requirement has not been completely omitted, but the declarant has attempted to comply with the essentials of the statute, the courts have upheld the validity of the

---

**3.** The statute in question in the cited California cases is Cal.Civ.Code § 1263:

§ 1263. **Declaration of homestead; contents; evidence**

The declaration of homestead must contain:
1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; or, when the declaration is made by the wife, showing that her husband has not made such declaration and that she therefore makes the declaration for their joint benefit;
2. A statement that the person making it is residing on the premises, and claims them as a homestead;
3. A description of the premises;
4. An estimate of their actual cash value;

**5.** Such declaration of homestead may further contain a statement of the character of the property sought to be homesteaded, showing the improvement or improvements which have been affixed thereto, with sufficient detail to show that it is a proper subject of homestead, and that no former declaration has been made, or, if made, that it has been abandoned and if it contains such further statement and the declaration is supported by the affidavit of the declarant, annexed thereto, that the matters therein stated are true of his or her own knowledge, such declaration, when properly recorded, shall be prima facie evidence of the facts therein stated, and conclusive evidence thereof in favor of a purchaser or encumbrancer in good faith and for a valuable consideration.

homestead. For instance, in *Simonson v. Burr*, 121 Cal. 582, 54 P. 87 (1898), a husband and wife jointly filed a declaration even though under the statute the husband alone should have chosen the homestead from the community property. The declaration was upheld as being in substantial compliance with the essence of the statutory requirements.

Also, in *Santa Barbara Lumber Co. v. Ross*, 183 Cal. 657, 192 P. 436 (1920) the statute required that the wife's declaration contain the statement that "her husband had not made *such* declaration," which purpose was to eliminate claiming two homesteads. The wife's actual declaration contained the statement that her husband "has not made *a* declaration of homestead" but the Supreme Court upheld the validity of the declaration as sufficient for the purposes of the statute.

And in *Feintech v. Weaver*, 50 Cal.App.2d 181, 122 P.2d 606 (1942), a mother who was living with her adult son filed a declaration of homestead on a printed form which was to be used by the "head of a family." The mother could not be considered the head of a family because she was not married, but the court upheld the validity of the homestead because all the other requirements were met. Treating the "head of a family" language as mere surplusage, the court concluded the declaration was good for any person other than the head of a family.

A more complete review of the California cases can be found in *Johnson v. Brauner*, 131 Cal.App.2d 713, 281 P.2d 50 (1955) or *In re Morse*, 237 F.Supp. 579 (S.D.Cal.1964) but it is clear that

"[w]hen the declaration contains the essence of the statutory requirements" the courts have upheld a reasonably successful attempt to follow the prescribed form but that they have refused to dispense entirely with any of the essential matters set forth in [the statute].

*Johnson*, 281 P.2d at 53. *See also Samuels v. Delucchi*, 286 F.2d 504 (9th Cir. 1961).

Appellants argue that in a recent California case, *Michelman v. Frye*, 238 Cal.App.2d 698, 48 Cal.Rptr. 142 (1965), a declaration of

homestead was held valid even though there was no statement that the claimant was residing on the homestead premises as the statute required; therefore, the above-mentioned California cases are no longer controlling. First, the facts peculiar to that particular case were that the husband had physically driven the wife away from the premises, so that it was impossible for her to be residing there at the time the declaration was made. We note that the court emphasized that a husband's cruelty would not deprive a wife of her homestead rights. Secondly, the court did not overrule or question any of the prior decisions. Indeed, it reiterated the distinction between omission of a requirement *vis a vis* substantial compliance with the essence of the statute, and then decided that sufficient additional facts were alleged in the declaration so that compliance with the statute had been substantially performed.

Other jurisdictions have also held that a homestead statute cannot be substantially complied with if a homestead declaration omits a statutory requirement. *Shemilt v. Sturos*, 190 Wash. 30, 66 P.2d 1169 (1937) (wife failed to state her husband had not made such declaration previously); *McGill v. Lewis*, 61 Nev. 34, 116 P.2d 581 (1941) (declarants failed to show they were residing with their family on the premises at the time the declaration was made). In each of these cases, omission of the particular requirement rendered the homestead invalid.

Even though the same terminology has not been employed, prior Arizona decisions parallel the above reasoning. In *First National Bank of Mesa v. Reeves*, 27 Ariz. 508, 234 P. 556 (1925) a homestead was held invalid because the statute required verification by either the husband or wife, which the declarants failed to do. Instead, their attorney provided the verification. While acknowledging the homestead statute should be construed liberally, the Arizona Supreme Court held that the statute "very plainly provides that the oath to the claim of homestead should be made by the claimant, and, that being true, it controls...." 234 P. at

559.[4] But in contrast, in *Wheeler Perry Company v. Mortgage Bond Company*, 41 Ariz. 247, 17 P.2d 331 (1932), a homestead was attacked for not particularly describing the premises as required by statute, where the description of the premises did not include the block number of the property. The court upheld the declaration and used strikingly similar substantial compliance language by concluding that the property was sufficiently described in the declaration to afford the means of identification, which fulfilled the requirement of the statute.

We find the reasoning of the California cases persuasive and in line with the limited Arizona authorities on the subject. We therefore hold that a declaration of homestead which completely omits any of the statutory requirements set forth in A.R.S. § 33–1102, is fatally defective and confers no exemption rights upon the declarants.

Winn's argue, however, that their declaration has not omitted any statutory requirements as it states that it is made "in conformance with § 33–1101, A.R.S. as amended." A.R.S. § 33–1101 is the general statute conferring the homestead exemption to "[a]ny person . . . who resides within the state." Winn's argument continues that since their declaration referenced A.R.S. § 33–1101 and that statute references residency, the declaration is sufficient. We reject this argument. As indicated, A.R.S. § 33–1101 is the general statute creating the homestead exemption, and sets forth not only who may claim, but what property may be claimed. In this regard, it makes reference to the age of the owner (18 years or over) the marriage status (married or single) the value of the exemption (not exceeding $15,000.00) and how that value is computed (equity in the property). While A.R.S. § 33–1101 is the creating statute, A.R.S. § 33–1102 specifically describes how the rights granted by A.R.S. § 33–1101 can be perfected.

If we follow the Winn argument to its logical conclusion, any declaration which stated that it "was in conformity with A.R.S. § 33–1101" would be valid, thereby effectively modifying those specific requirements that the legislature set forth in A.R.S. § 33–1102 as being necessary to perfect a homestead exemption. Such a result would be judicial legislation of the rankest sort.

A.R.S. § 33–1102 specifically provides that the claim, under oath, "shows Arizona residency status." The Winn declaration omits this requirement. What the legislature mandated, the declaration did not provide. We will not judicially read out of the statute that which is so clearly present.

Since we hold that the declaration of homestead is invalid on the basis of the lack of residency requirement, we need not determine whether the valuation portion of the declaration passes statutory muster, *but see, Schuyler v. Broughton*, 76 Cal. 524, 18 P. 436 (1888).

Judgment affirmed.

WREN, J., and RICHARD K. MANGUM, Superior Court Judge, concur.

Note: The Honorable RICHARD K. MANGUM, Coconino County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.

---

4. Appellants maintain, however, that *Reeves* is distinguishable because that court supported its decision on a legislative change in the wording of the statute. The former statute allowed "anyone having charge of the premises" to claim a homestead, while the statute in *Reeves* limited the homestead exemption only to the husband, wife, or unmarried head of the family. Appellants suggest no similar legislative change is evident in the statute now in question.

Our review indicates otherwise. Our prior statute, A.C.A. § 24–502 (1938) makes no mention of Arizona residency whatever, but the present statute, A.R.S. § 33–1102, specifically states that a person shall make a claim "which shows Arizona residency status. . . ."