822 F.2d 878
 Bankr. L. Rep. P 71,913
In re: Aubrey Lee RENNER and Gertrude Renner, dba Renner
Irrigation Company, Debtors.
Aubrey Lee RENNER and Gertrude Renner, dba Renner Irrigation
Company, Plaintiffs/Counterdefendants/Appellants,
v.
STATE OF ARIZONA DEPARTMENT OF ECONOMIC SECURITY; Vets
Industrial Supply Co., a California corp.; Waterman
Industries, Inc.; Edwin Nick Cleckler; Lynn Naomi
Cleckler; State of Arizona Department of Revenue; Arizona
Department of Economic Security; James Judd, as Sheriff of
Cochise County, Defendants-Appellees,
and
Don Sanderson Ford, an Arizona corporation,
Defendant/Counterclaimant/Appellee.
 No. 86-2078.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1987.
Decided July 21, 1987.
 
 William J. Redondo, Tucson, Ariz., for plaintiffs/counterdefendants/appellants Renners.
 Jon C. Dake, Phoenix, Ariz., for defendant/counterclaimant/appellee Don Sanderson Ford.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before FLETCHER, BEEZER and THOMPSON, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Aubrey and Gertrude Renner (debtors) appeal from the judgment of the Bankruptcy Appellate Panel (BAP) invalidating Gertrude Renner's declaration of homestead. Under Arizona law, a declaration of homestead must be signed by both spouses. The BAP concluded that the debtors' declaration was defective because only Ms. Renner signed it. We affirm.
 
 
 2
 * BACKGROUND
 
 
 3
 The debtors were married for approximately 40 years before Aubrey Renner left his wife and moved to Louisiana. During their marriage the debtors acquired title, in joint tenancy, to real property in Cochise County, Arizona. Ms. Renner recorded a declaration of homestead for this property in July, 1980. The declaration did not contain Mr. Renner's signature. At the time of filing Mr. Renner was residing in Louisiana.
 
 
 4
 In October, 1979, the counterclaimant, Don Sanderson Ford, obtained a judgment against the debtors for $24,000. Despite the existence of the homestead exemption, the debtors' real property was sold at a sheriff's sale in August, 1980 to Don Sanderson Ford, in partial satisfaction of the judgment.
 
 
 5
 The debtors filed a joint bankruptcy petition in February 1981. Pursuant to the bankruptcy proceedings, the debtors brought an action to quiet title to the homestead property. The United States Bankruptcy Court for the District of Arizona granted judgment for the debtors, concluding that their homestead exemption was valid. The BAP reversed. In its decision, the BAP noted that Arizona courts have construed the homestead exemption liberally to prevent families from losing their residences. Nevertheless, the panel concluded that Ms. Renner's failure to obtain her husband's signature rendered her declaration fatally defective.
 
 
 6
 We review the bankruptcy court's conclusions of law de novo, and its factual findings under the clearly erroneous standard. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986).
 
 II
 ANALYSIS
 
 7
 A homestead exemption establishes the family residence as an enclave exempt from the reach of most creditors. United States v. Rodgers, 461 U.S. 677, 684, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983). A.R.S. Sec. 33-1102 supplies the procedures for claiming a homestead exemption in Arizona.[1] At the time of Ms. Renner's declaration,[2] A.R.S. Sec. 33-1102 provided:A. To claim a homestead exemption as provided for in Sec. 33-1101 a person or married couple shall make a claim, under oath and in writing, which shows Arizona residency status and particularly designates the property claimed and the value thereof. The claim shall be recorded in the offices of the county recorder in the county where the property is located.
 
 
 8
 B. If the claimant is married, the homestead may be selected from the community property, joint property or from the separate property of either spouse. Both husband and wife shall join in making claim of community or joint property. (Emphasis added.)
 
 
 9
 Thus, to obtain a valid exemption under A.R.S. Sec. 33-1102 as it existed in 1980, both spouses had to join in claiming the homestead. It is undisputed that Mr. Renner failed to sign the homestead declaration. Nevertheless, the debtors contend that strict compliance with the terms of A.R.S. Sec. 33-1102 is not required in Arizona.
 
 
 10
 Arizona law requires that the homestead exemption be liberally construed to further its fundamental purpose: protecting the family from "the forced sale of home property." Matcha v. Winn, 131 Ariz. 115, 638 P.2d 1361, 1363 (Ariz.Ct.App.1981); see also Wheeler Perry Co. v. Mortgage Bond Co., 41 Ariz. 247, 17 P.2d 331, 332 (1932), First National Bank v. Reeves, 27 Ariz. 508, 234 P. 556, 558 (1925). Nonetheless, the Arizona courts have held that a complete failure to comply with any one of the statutory requirements contained in A.R.S. Sec. 33-1102 renders an applicant's declaration of homestead invalid. Matcha, 638 P.2d at 1366; First National Bank v. Reeves, 234 P. at 559. The debtors contend, however, that Arizona law excuses noncompliance with the terms of the homestead exemption statute when circumstances outside of the debtors' control make compliance impossible. Arizona precedent provides limited support for the debtors' argument.
 
 
 11
 In Matcha v. Winn, 131 Ariz. 115, 638 P.2d 1361 (Ariz.Ct.App.1981), the Arizona Court of Appeals discussed, and seemingly endorsed, the California case of Michelman v. Frye, 238 Cal.App.2d 698, 48 Cal.Rptr. 142 (1965). In California, a homestead declaration must contain a statement by the declarant that he or she resides in the homestead. Despite this requirement, the Michelman court upheld a homestead declaration in which the declarant failed to state that she currently resided in the homestead residence. The court observed that the declarant had attempted to comply with provision but had been forcibly driven from the family residence by her husband. Accordingly, the Michelman court concluded that the declarant's statement, "My husband is actually residing on the premises herein described, and ... I claim said premises as a homestead," satisfied the requirements of the California homestead exemption statute. Michelman, 48 Cal.Rptr. at 147.
 
 
 12
 The BAP concluded that Michelman v. Frye "stands for the proposition that compliance with statutory requirements is excused only where compliance is an impossibility." We agree with the BAP's analysis of the holding in Michelman. It is unclear, however, whether Arizona has adopted the impossibility doctrine of Michelman. Nevertheless, assuming that Arizona has embraced the notion that impossibility excuses noncompliance,[3] the debtors have failed to present sufficient evidence that compliance was impossible. In fact, the record demonstrates that the debtors had every opportunity, both before and after their separation, to prepare, sign and record a valid homestead exemption. For instance, after their separation, Mr. Renner returned to Arizona to attend divorce proceedings. These proceedings were also attended by his wife. The declaration could have been signed jointly at this time. Additionally, Ms. Renner served Mr. Renner with a petition for dissolution of marriage at his Louisiana address, thereby demonstrating that she knew where Mr. Renner resided and how to reach him in Louisiana. Thus, she could have mailed the homestead declaration to Mr. Renner for his signature.
 
 
 13
 Moreover, the record demonstrates that the debtors failed to obtain Mr. Renner's signature because they mistakenly believed that Arizona law only required Ms. Renner's signature. Mr. Renner admitted as much when, in response to a question from counsel concerning his willingness to sign the declaration, Mr. Renner said, "No, sir, [I would not have signed the declaration] because she [Ms. Renner] had taken care of this and she was informed that I did not have to sign it...." Thus, Mr. Renner refused to sign the declaration because he thought it was unnecessary, not because he was unwilling or unable to do so. These facts do not constitute a showing of impossibility under Michelman, where the declarant attempted to comply with the statute, but was prevented from doing so because her abusive husband had forcibly driven her away from their residence. Here, the debtors cannot demonstrate either an attempt to comply with the statute or the existence of circumstances preventing their compliance. The debtors' reliance on Michelman is, therefore, misplaced.
 
 
 14
 We also note that the Arizona courts have rejected claims for homestead exemptions in situations similar to those present in this case. In First National Bank v. Reeves, 27 Ariz. 508, 234 P. 556 (1925), the declarants were absent from Arizona when their declaration of homestead was prepared and recorded by their attorney, who signed and verified the declaration on their behalf. In response to the declarants' assertion that it was impossible for them to verify the declaration because of their absence from the state, the court stated:
 
 
 15
 From the record it appears that both defendants were absent from the state at the time the premises were offered for sale under execution, and that they obtained information of the situation only one day before the sale. It is urged that it was impossible for them to make out the claim of homestead and personally verify it so that it might be placed of record and thereby prevent the sale under execution. However, there was nothing to prevent their making and filing a proper declaration of homestead at any time after they became owners of the land.
 
 
 16
 Reeves, 234 P. at 559. Like the declarants in Reeves, the debtors had ample time, both before and after their separation, to sign and record a valid homestead declaration. See also Matcha v. Winn, 131 Ariz. 115, 638 P.2d 1361, 1366 (Ariz.Ct.App.1981) ("a declaration which completely omits any of the statutory requirements set forth in A.R.S. Sec. 33-1102, is fatally defective and confers no exemption rights on declarants.")
 
 
 17
 The Arizona courts have enforced homestead exemptions omitting minor or insignificant pieces of information. In Wheeler Perry Co. v. Mortgage Bond Co., 41 Ariz. 247, 17 P.2d 331 (1932), the declarants' description of the homestead property contained the tracts' lot number but omitted the number of the block. The court determined that the declarants' description of the property satisfied the statutory requirement that the declarants "particularly describe" the land claimed. However, Wheeler Perry Co. cannot be read as excusing noncompliance with the substantive requirements of the homestead statute. Rather, it creates a narrow exception that upholds homestead declarations containing insignificant errors or omissions.
 
 
 18
 The requirement that both spouses sign the homestead declaration can hardly be characterized as minor. The signature requirement is designed to protect the family and the community property. In re Ageton, 5 B.R. 323, 325 (Bankr.D.Ariz.1980), rev'd on other grounds, 14 B.R. 833 (Bankr. 9th Cir.1981). Under the statutory scheme one spouse is barred from encumbering the homestead property without the other spouse joining in the declaration. This scheme is consistent with Arizona law governing management of community property and conveyances of homesteads. See A.R.S. Sec. 25-214(C)(1);[4] A.R.S. Sec. 33-453.[5] Generally, Arizona law allows each spouse to separately acquire, manage and control community property. A.R.S. Sec. 25-214 creates an exception, however, for transactions involving the acquisition, disposition or encumbrance of an interest in real property. Significantly, Arizona law also prohibits the conveyance of the homestead without the consent of both spouses. See A.R.S. Sec. 33-453. Thus, Ms. Renner's failure to obtain her husband's signature was not the type of mere technicality excused by the court in Wheeler Perry Co. On the contrary, it was a significant omission which renders the debtors' declaration fatally defective, conferring no exemption rights on the debtors.
 
 III
 CONCLUSION
 
 19
 We are required to interpret the homestead exemption statute in accordance with existing Arizona precedent. In Matcha the Arizona Court of Appeals held, "What the legislature mandated, the declaration did not provide. We will not judicially read out of the statute that which is so clearly present." Matcha, 638 P.2d at 1366. The judgment of the BAP is AFFIRMED.
 
 
 
 [1]
 In most states a debtor may claim a homestead exemption under either federal or state law. See 11 U.S.C. 552(b); In re Ageton, 14 B.R. 833 (Bankr. 9th Cir.1981). In Arizona, however, a resident must claim the homestead exemption under Arizona law. See A.R.S. Sec. 33-1133(B); In re Ageton, 14 B.R. at 836 n. 1
 
 
 [2]
 A 1983 amendment to A.R.S. Sec. 33-1102 eliminated the requirement that both spouses join in the homestead declaration. Originally, the debtors argued for the retroactive application of the amended statute. The BAP rejected the claim and the debtors have abandoned it on appeal
 
 
 [3]
 The doctrine of impossibility is consistent with the Arizona cases holding that the homestead exemption should be liberally construed to protect the family residence from the reach of certain creditors
 
 
 [4]
 A.R.S. Sec. 25-214 provides:
 C. Either spouse separately may acquire, manage, control or dispose of community property, or bind the community, except that joinder of both spouses is required in any of the following cases:
 
 
 [1]
 Any transaction for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year
 
 
 [5]
 A.R.S. Sec. 33-453 provides:
 The homestead of a family shall not be sold and conveyed by a spouse without consent of the other spouse. The consent shall be evidenced by each spouse joining in the conveyance by signing their names thereto, and also by acknowledgment thereof.