753 P.2d 1192

Shirley **MORRISEY**, in her capacity as **Personal Representative of the Cecil Dotman Estate, Plaintiff/Appellee,**

v.

Lowell R. **FERGUSON**, a single person, **Defendant/Appellant.**

No. 2 CA–CV 87–0303.

Court of Appeals of Arizona, Division 2, Department B.

April 7, 1988.

Lawrence E. Condit, Tucson, for plaintiff/appellee.

Gaila Davis, Tucson, for defendant/appellant.

OPINION

FERNANDEZ, Judge.

At issue in this appeal is the validity of a homestead declaration which does not reflect that the declarant resides on the prop-

erty and which was recorded while the declarant was a prisoner in the custody of the Arizona Department of Corrections. The trial court granted summary judgment in favor of appellee and declared the homestead exemption unenforceable and void. We affirm.

The property in question was owned by Cecil Dotman in 1983. On July 14, 1983, Dotman conveyed the property to appellant Lowell Ferguson by warranty deed. Sometime during the next few months, Ferguson moved a mobile home he owned onto the property. On March 8, 1984, Ferguson shot and killed Dotman. He was taken into custody in late April 1984 and has been in custody ever since. Ferguson was convicted of first-degree murder on October 29, 1984, and on November 16, 1984, he was sentenced to life imprisonment.

Appellee Morrisey, the personal representative of Dotman's estate, filed a wrongful death action against Ferguson. After suit was filed, Ferguson recorded a homestead declaration on December 5, 1984. Morrisey obtained a jury verdict in the wrongful death action against Ferguson of $478.50 actual damages and $25,000 punitive damages in April 1985. Ferguson re-recorded the homestead declaration in July 1985 and added a previously-omitted description of the mobile home located on the property.

In the wrongful death action, Morrisey obtained a summary judgment which declared the two homestead declarations to be void and unenforceable. That judgment was entered in September 1986. The sheriff then issued a notice of sale of the property for November 13, 1986, to satisfy Morrisey's judgment lien. On November 7, Ferguson recorded a third homestead exemption, the one which is in issue here. As a result, the sheriff cancelled the scheduled sale of the property. Morrisey then filed this action to have the exemption declared void, to have Morrisey declared to be the owner of the property and for damages because of Ferguson's filing of an invalid declaration. The trial court granted Morrisey's summary judgment motion and declared the exemption void and unenforceable.

Ferguson appeals, contending that because his absence from the property is involuntary, he has not abandoned his exemption and is entitled to assert it, that his constitutional rights are violated by the forfeiture of the property while he is in prison, and that his declaration complies with the statutory requirements. We find no merit to Ferguson's contentions and find that the declaration does not comply with the statute.

A.R.S. § 33–1101 provides, in pertinent part, as follows:

A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead ... any one of the following:

\* \* \* \* \* \*

4. A mobile home in which the claimant resides plus the land upon which that mobile home is located at the time of filing.

It is undisputed that Ferguson has been in custody since April 1984 and that he did not reside on the property at the time the declaration was recorded in November 1986. His declaration in fact does not state that he resides on the property. It states instead as follows: "That he is unmarried, head of his household, and a resident of the State of Arizona; that he claims, on behalf of himself, as his residence, the following described real property...."

In *Matcha v. Winn*, 131 Ariz. 115, 120, 638 P.2d 1361, 1366 (App.1981), Division One of this court held that "a declaration of homestead which completely omits any of the statutory requirements set forth in A.R.S. § 33–1102, is fatally defective and confers no exemption rights upon the declarants." Although Ferguson's declaration states that he is an Arizona resident and thus complies with § 33–1102, since he did not reside on the property at the time he recorded the declaration, he did not comply with the requirements of the enabling statute, § 33–1101. The declaration thus did not establish a valid homestead exemption.

We reject Ferguson's claim that he did not voluntarily abandon his residence on the property. The abandonment statute, A.R.S. § 33–1104, applies only after a valid exemption has first been established. Since no valid exemption was ever recorded in this case, that statute is not applicable. We note also that although Ferguson contends he was involuntarily removed from the property and incarcerated by the state, his conviction for first-degree murder carries with it a finding that he voluntarily killed Dotman. That is the reason the state incarcerated him.

Finally, we find no merit to Ferguson's contention that the summary judgment violates his rights under article 2, § 16 of the Arizona Constitution. That section provides that "[n]o conviction shall work corruption of blood, or forfeiture of estate." That section was intended to prohibit the application in Arizona of the early English penal requirement whereby a person convicted of a crime forfeited his land and personal property to the king. *Howard v. State*, 28 Ariz. 433, 237 P. 203 (1925), overruled on other grounds, *Ridgway v. Superior Court of Yavapai County*, 74 Ariz. 117, 245 P.2d 268 (1952); *Avery v. Everett*, 110 N.Y. 317, 18 N.E. 148 (1888). No such forfeiture is involved here. If Ferguson loses the property to Morrisey, it will not be as the result of a forfeiture but as the result of a valid judgment which Morrisey obtained in the wrongful death action.

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.